IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NICHOLAS REDMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:08-1090 |
| | ) | JUDGE CAMPBELL/KNOWLES |
| | ) | JURY DEMAND |
| | ) | |
| METROPOLITAN GOVERNMENT | ) | |
| OF NASHVILLE AND DAVIDSON | ) | |
| COUNTY, TENNESSEE, OFFICER | ) | |
| ANGELO IEZZI, AND OFFICER | ) | |
| PATRICK RAGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon two Motions to Dismiss for Failure to Prosecute filed by the three Defendants in this action. Docket Nos. 23, 24. The Motions were filed August 10, 2009, and Plaintiff has not responded to either Motion.

Plaintiff, who at the time was represented by counsel, filed this action in the Circuit Court for Davidson County, Tennessee, on October 6, 2008. Docket No. 1-1. Defendant Metro Government removed the action to this Court. Docket No. 1. Plaintiff essentially claimed that Defendants Iezzi and Ragan used excessive force in effectuating his arrest on October 5, 2007.

Defendants Metro Government and Officer Ragan subsequently filed a "Motion to Administratively Close Case and Memorandum," on grounds that state criminal proceedings were pending against Plaintiff. Docket No. 10. Judge Campbell granted that Motion without opposition. Docket No. 15. Judge Campbell also required the parties to file a Status Report with

the Court on or before July 1, 2009, regarding the related criminal matter. *Id.*

The Status Report filed by Metro Government and Defendant Ragan stated that the Davidson County Criminal Court had entered an Order granting Plaintiff's request for pretrial diversion in the related criminal case. Docket No. 20. The Status Report further stated that the criminal prosecution against Plaintiff was "suspended until June 15, 2010, at which time it will be dismissed if [Plaintiff] has fully complied with the terms of the diversion agreement." *Id.*

The Status Report submitted Plaintiff's counsel stated in part:

> Counsel has tried to contact the Plaintiff for several months with no success. This failure on Plaintiff's part has made a Status Report, and indeed effective representation, impossible. Counsel is filing a Motion to Withdraw simultaneously with the instant report.

Docket No. 17.

That same day, Plaintiff's counsel filed his "Motion to Withdraw as Counsel." Docket No. 18.

The next day, July 2, 2009, Judge Campbell entered an Order granting the Motion to Withdraw. Docket No. 21. Judge Campbell's Order also stated:

> Plaintiff shall notify the Court within thirty (30) days of entry of this Order either that he will be proceeding in this action *pro se* or, by entry of a Notice of Appearance, that he has new counsel to represent him. Plaintiff is advised that his failure to provide this notice to the Court may result in this action being dismissed for failure to prosecute.

On August 10, 2009, Defendants filed Motions to Dismiss for Failure to Prosecute. Docket Nos. 23, 24. Defendants argued that Plaintiff had abandoned his case by failing to take any action in response to Judge Campbell's Order.

As discussed above, Plaintiff has not filed a Response to either of the Motions to

2

Dismiss.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to comply with Judge Campbell's previous Order and failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge